IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANGELA ROBINSON                                                              PLAINTIFF

vs.                                                   CIVIL ACTION NO. 1:13CV26-SAA

CAROLYN W. COLVIN,
Acting Commissioner of Social Security                                       DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Angela Robinson for a period of disability and disability insurance benefits (DIB) under Section 216(I) and 223 of the Social Security Act. Plaintiff protectively applied for disability insurance benefits on April 19, 2009, alleging that she became disabled on December 4, 2007. Docket 9, p. 102-03. The plaintiff's claim was denied initially and on reconsideration. *Id.* at 46-51. Plaintiff timely requested a hearing, which was held on July 12, 2011. *Id.* at 24-42. The ALJ issued an unfavorable decision on July 28, 2011. *Id.* at 9-19. Plaintiff requested and was denied review by the Appeals Council via letter on December 11, 2012. *Id.* at 1-3. The plaintiff timely filed the instant appeal from the Commissioner's most recent decision, and it is now ripe for review. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case, the undersigned therefore has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

The plaintiff was born on June 11, 1978, and was 33 years old at the time of the hearing. Docket 9, p. 26. She has a high school education, and her past relevant work was as a housekeeper, cashier and machine operator feeder. *Id.* at 38. She contends that she became

disabled on December 4, 2007 as a result of "bipolar disorder, back-neck problems, arthritis pain, etc." *Id.* at 107.

The ALJ determined that the plaintiff suffered from "severe" impairments including mood disorder, bipolar disorder, anxiety, arthralgias, and somatoform disorder, but that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1(20 CFR 404.1520(d), 404.1525 and 404.1526). Docket 9, p. 15-18. The ALJ found that the plaintiff retains the Residual Functional Capacity (RFC) to

> occasionally lift/carry and push/pull 20 pounds and frequently lift/carry and push/pull 10 pounds. She can stand/walk for 4 hours in an 8-hour workday for 1 hour at a time. She can sit for 6 hours in an 8-hour workday for 2 hours at a time. She can occasionally climb, balance, stoop, crouch, kneel and crawl. She cannot work around excessive noise. She must work at a facility with a bathroom. She has minimal limitations to range of motion of the cervical spine. Despite her mental problems, she can understand, remember, and carry out low level detailed instructions and tasks. She can concentrate for 2-hour periods at a time. She cannot work around the general public. She can have occasionally interaction with coworkers but not a job that requires teamwork. She can have non-confrontational supervision. Her judgment and ability to adapt to changes is adequate. Her reliability is fair and she cannot have a high-stress job.

*Id.* at 19-20. In light of testimony by a vocational expert [VE] at the hearing, the ALJ found plaintiff incapable of performing her past relevant work, but that other jobs exist in significant numbers in the national economy that plaintiff can perform. *Id.* at 21-22. Therefore, the ALJ found plaintiff not disabled under the Social Security Act. *Id.* at 22-23.

Plaintiff claims the the ALJ erred in not affording proper weight to opinions of her treating physician and an examining consultant, refusing to allow her husband to testify, improperly evaluating her credibility and "cherry picking" evidence to support his opinion.

2

Because the undersigned is of the opinion that the ALJ did not properly evaluate and weigh the opinions of the plaintiff's treating physician, therefore rendering his opinion unsupported by substantial evidence, the court need not address the remaining issues.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and

---

[1] *See* 20 C.F.R. §§ 404.1520 (2012).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b) (2012).

[4] 20 C.F.R. §§ 404.1520(c) (2012).

[5] 20 C.F.R. §§ 404.1520(d) (2012).

[6] 20 C.F.R. §§ 404.1520(e) (2012).

past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient

---

[7]20 C.F.R §§ 404.1520(g) (2012).

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

4

evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff contends on appeal that the ALJ's decision to discount her treating physician's opinions resulted in an RFC finding that is not supported by substantial evidence. Docket 16, p. 7. Dr. Mark Ramsey had been the plaintiff's treating physician for at least four years on the date of the hearing. Docket 9, p. 285. The ALJ gave Dr. Ramsey's opinion little weight, emphasizing that "Dr. Ramsey is not a psychiatric expert because he is not even a psychiatrist or a psychologist." Docket 9, p. 12. And stating again, "[Dr. Ramsey's] opinion was not based on a mental status evaluation and Dr. Ramsey is not an expert in mental health. Dr. Ramsey is not a psychiatrist or a psychologist." *Id.*

In fact, Dr. Ramsey is a psychiatrist who has been practicing for over thirty years. The Secretary acknowledges that ALJ's conclusion that Dr. Ramsey did not have specialized training in the field of mental health was wrong, but asserts that the ALJ properly afforded Dr. Ramsey's opinions little weight despite that error. Docket 17, p. 7. The Secretary argues that because Dr. Ramsey's opinions were inconsistent with his own treatment records and the medical evidence of record, the ALJ's allocation of weight was proper. *Id.*

The ALJ provided four reasons for giving little weight to Dr. Ramsey's opinions: (1) Dr. Ramsey gave no explanation for his opinion; (2) the opinion was inconsistent with treatment records and the medical evidence of record; (3) the opinion was not based upon any mental

5

status evaluation; and (3) Dr. Ramsey is not an expert in mental health. The ALJ did not identify any internal inconsistencies in Dr. Ramsey's opinion, any details of where in his record Dr. Ramsey relied too heavily on plaintiff's subjective complaints or where and how his opinions contradict the other objective medical record evidence. He obviously incorrectly concluded that Dr. Ramsey was not trained in mental health given that Dr. Ramsey has been a practicing psychiatrist for thirty years. Further, there is no evidence that the ALJ considered any of the required factors contained 20 C.F.R. 404.1527(d)(2). The ALJ does not mention how long Dr. Ramsey had treated plaintiff, the frequency of his examinations or the nature and extent of the treatment relationship. He did not articulate how Dr. Ramsey's opinion was supported or not by the medical evidence of record or evaluate the consistency of the opinion with the record as a whole, and he was flat out wrong when he questioned Dr. Ramsey's qualifications.

In contrast, the ALJ thoroughly discussed and gave some weight to opinions expressed by one-time consulting psychologist Joe Edward Morris, who provided an unsigned report which was dated two years before the date of the hearing. Docket 9, p. 16. Similarly, the ALJ thoroughly discussed and gave some weight to the opinions of Dr. Amy Hudson, a state agency non-examining psychologist whose Mental RFC Assessment was dated two years before the hearing. The ALJ also detailed the opinions of Dr. Phillip Drumheller, another consultative examiner, and afforded them substantial weight. Based upon the undersigned's review of the ALJ's opinion, it is obvious that the ALJ spent far more time considering the opinions of consulting examiners and state agency consultants than he did the treating physician's records of his actual treatment of the plaintiff.

For an ALJ properly to afford lesser weight, or no weight as in this case, to the treating

6

physician's medical opinions he must "perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). Because the ALJ did not follow these criteria and made clear errors in his evaluation of the treating physician's experience, says plaintiff, his refusal to afford controlling weight to Dr. Ramsey's opinions was error as a matter of law. As the Commissioner argues, "[w]hen 'good cause' is shown, less weight, little weight, or even no weight may be given to a physician's opinion." Docket 17, p. 7. However, reading the record as a whole, the undersigned is of the opinion that the ALJ's opinion is unsupported by substantial evidence, and this case should be remanded for further consideration.

An ALJ has a duty to contact a treating physician or other medical sources "[w]hen the evidence . . . receive[d] from [a] treating physician . . . is inadequate . . . to determine whether [a claimant] is disabled." 20 C.F.R. §§ 404.1512(e), 416.912(e). These regulations further provide "additional evidence or clarification *will* be sought" [emphasis added by the court] "when the report from [a] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(2)(1), 416.912(e)(1). Additionally, "[a]n 'ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position.'" *Morgan v. Astrue*, 2010 WL 2697170, *8 (N.D.Tex. July 7, 2010), citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

A treating physician such as Dr. Ramsey, who had seen the plaintiff regularly for four years at the time of the hearing, has a unique perspective regarding the plaintiff's abilities, limitations, medical history and diagnosis. There is no evidence in the record that the ALJ made

7

any attempt to contact Dr. Ramsey for clarification of the alleged inconsistencies in his records, to obtain additional information concerning plaintiff's impairments, or to educate himself on the mental health training possessed by Dr. Ramsey. Although discounting Dr. Ramsey's opinions for failing to conduct a mental status evaluation or failing to provide an explanation for his opinions might not have been improper, it is clear that the remaining reasons for affording Dr. Ramsey's opinion little weight are insufficient and incorrect.

It may be that there is substantial evidence to deny the plaintiff's claims, but it is clear to the court that the ALJ failed to consider all of the necessary factors before declining to afford Dr. Ramsey's opinion little weight, much less controlling weight, and giving the most weight to the opinion of a psychologist who only saw plaintiff for a few minutes. The only portion of the *Newton* analysis it appears that the ALJ performed was the evaluation of the treating physician's experience, and that was clearly incorrect. Moreover, the ALJ easily could have further developed the record, specifically in the form of additional opinions from the treating physician, but he sought no such information.

In light of this failure, the undersigned is of the opinion that the decision of the Commissioner was not supported by substantial evidence and should be remanded for further proceedings consistent with this opinion.

### IV. PLAINTIFF'S REMAINING ARGUMENTS

This action is hereby remanded to the ALJ for (1) further consideration of plaintiff's treating physician, including re-contacting the physician to provide additional evidence and clarify any discrepancies in the record, and (2) further evaluation of plaintiff's ability to work based upon the proper evaluation of plaintiff's complaints and proper evaluation of the treating

8

physician's opinion, including supplemental evidence from a VE if necessary. Because this action is being remanded to the ALJ for further evaluation of the treating physician's records and opinions and for analysis to be conducted in accordance with *Newton* and applicable sections, the court need not address the merits of the plaintiff's remaining arguments at this time.

Respectfully submitted, this the 20th day of September, 2013.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE